Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8252 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Franklin vs. City of Evanston | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for reconsideration [47-1] is granted. The Court vacates the judgment in favor of Franklin [46] entered on 11/19/02 and enters judgment in favor of defendant City of Evanston.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 31 2003 date docketed | 53 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAR 31 PM 3:41 | 3/31/2003 date mailed notice | |
| MD courtroom deputy's initials | | FILED-TO Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| EDWARD FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 99 C 8252 |
| | ) | Judge Joan H. Lefkow |
| CITY OF EVANSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
**MAR 3 1 2003**

## MEMORANDUM OPINION AND ORDER

On November 19, 2002, this court granted judgment in favor of plaintiff, Edward Franklin ("Franklin"), against defendant, City of Evanston ("Evanston"), on Franklin's claim that Evanston violated his procedural due process rights by not giving him a full and fair opportunity to respond in a termination hearing to criminal charges that had been brought against him. *See Franklin v. City of Evanston*, No. 99 C 82852, 2002 WL 31572137, at *3-*6 (N.D. Ill. Nov. 19, 2002). In its opinion, the court relied on the Seventh Circuit case of *Atwell v. Lisle Park District*, 286 F.3d 987, 990-92 (7th Cir. 2002), in concluding that Evanston failed to warn Franklin of immunity he may have for answers given in the termination hearing. Evanston now moves for reconsideration on grounds that the court's expansion of *Atwell* was incorrect and the ruling that Judith Witt, the Director of Human Resources, had policymaking authority was erroneous. On careful review of the record, the court believes that it relied on evidence that was either erroneous or not fully factually developed. Therefore, as stated below, the court concludes that Witt did not have policymaking authority, vacates the judgment in favor of Franklin and enters judgment in favor of Evanston.

53

The court will not spend long on the arguments concerning *Atwell*, as these were adequately addressed in the November 19 opinion. Most of the arguments Evanston brings forth concerning *Atwell* were either made or should have been made in the original briefs in the case. The only new ground Evanston attempts to break is arguing that *Atwell* as applied here is a novel theory of law and should not be applied retroactively. The court does not reach this issue, however, based on its conclusions below.

Evanston argues that the court incorrectly found municipal liability under § 1983 by concluding that Witt was acting as a final policymaker. Before the court discusses this issue, a few remarks must be made. Municipal liability under § 1983 raises difficult questions of law. A municipality should have a keen interest in addressing such issues because of the difficulty in proving suits of this nature. *See, e.g., Cornejo v. Turks*, No. 96 C 7246, 1997 WL 102556, at *1 (N.D. Ill. March 4, 1997). Between the cross motions for summary judgment filed in this case, the court was confronted with nearly ninety pages of briefs and a record substantially larger. Evanston devoted merely a page to this subject in response to Franklin's motion for summary judgment. Evanston devoted none of its brief in support of its summary judgment motion to this issue. After an adverse decision, however, Evanston contends the court is in error for its conclusion that Judith Witt, the Director of Human Resources, was a final policymaker for Evanston. Based on the undisputed facts, Witt was the Director of Human Resources for Evanston at the time of Franklin's termination and was involved in the drafting of Evanston's revised drug and alcohol policy. Evanston's contract with the American Federation of Federal, State, County and Municipal Employees ("AFSCME") allowed Evanston to "issue reasonable

rules" concerning the drug and alcohol policy. Witt was also a member of the due cause board which recommended Franklin's termination.

In its November 19, 2002 opinion, the court concluded that Witt had final policymaking authority because she had the ability to draft reasonable rules under Evanston's contract with the AFSCME. The court felt confident that because of this power, Witt had the authority to set policy for Evanston on issues regarding drug and alcohol use and terminations. Moreover, the court stated that Witt ratified the decision to terminate Franklin, which thereby could impute liability to Evanston. In this motion to reconsider, Evanston argues that either Witt did not ratify the decision to terminate Franklin or did not have policymaking authority for Evanston.

A person's status as a final policymaker under § 1983 is a question of state or local law. *Pembaur v. City of Cinncinnati*, 475 U.S. 469, 483 (1986); *Kujawski v. Bd. of Comm'rs of Bartholomew County Ind.*, 183 F.3d 734, 747 (7th Cir. 1999). The court must decide who has "authority to adopt rules for the conduct of government." *Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992). A final policymaker may delegate this authority, but this delegation must be the authority to set policy, not a mere delegation of final authority to make a decision. *Kujawski*, 183 F.3d at 739.

Evanston's long overdue argument that Witt did not have final policymaking authority is persuasive, particularly in its clarification as to Witt's responsibility in drafting work rules. While Witt was involved in the drafting of rules incorporated into a Union contract, these rules would ultimately be approved by the Evanston City Council, which would be the policymaking body. Moreover, that Witt was an officer of Evanston establishes nothing, as the Evanston City Code notes that such officers are charged with "administration and enforcement of the affairs and

3

policies of the City." To shed light on the policymaker analysis, the Code would have to

establish that such officers had policymaking, not enforcement or administrative, authority.

Franklin relies on *Mohr v. Chicago School Reform Bd. of Trs.*, 99 F. Supp. 2d 934 (N.D.

Ill. 2000) and *Altman v. City of Chicago*, No. 99 C 6496, 2000 WL 1648932, (N.D. Ill. Oct. 25,

2000), in support of his argument that Witt had final policymaking authority. Franklin interprets

*Mohr* as holding that members of a committee which acted jointly may have liability as final

policymakers. Franklin argues that because Witt was a member of the Due Cause Board that

recommended Franklin's termination, the members of the committee may have liability as final

policymakers. With respect to *Altman*, Franklin believes it is analogous because the person

found to have final policymaking authority in that case was head of a personnel department,

exactly what Witt is in this case.

Nothing in *Mohr* supports the facts as stated in this case. The court in *Mohr* found one of

the defendants to have final policymaking authority by virtue of her position as the "Chief

Educational Officer" of the Chicago School Reform Board of Trustees. *Mohr*, 99 F. Supp. 2d at

939. The portion of the opinion Franklin relies on for the proposition that joint actions of a

committee may impute liability as final policymakers dealt with those defendants' possible

personal liability under § 1983. Nowhere in *Mohr* was there any final policymaker analysis

instructive of the issues in this case.

In *Altman*, the City of Chicago's Commissioner of the Personnel Department was a final

policymaker. This result, however, was admitted by the City of Chicago. *Altman*, 2000 WL

1648932, at *3. Moreover, the Chicago Municipal Code went so far as to grant the

Commissioner such status. *Id.* No statutory guidance directs a similar result in this case. No

4

evidence has been presented that the Evanston City Code otherwise grants Witt policymaking authority or status. The only evidence presented at all is that Witt drafted reasonable work rules, but as the court stated above, this result does not grant Witt final policymaking authority because such negotiated rules are still approved by the Evanston City Council. Moreover, no evidence is presented that Witt was otherwise delegated final policymaker status. Without such statutory or delegated authority, the court concludes that its prior opinion was in error for concluding that Witt was a final policymaker.

In its previous opinion, the court did not consider whether Zeltee Edwards, Franklin's immediate supervisor, had final policymaker authority because of its conclusions concerning Witt. Because the court changes its result concerning Witt, it will now briefly analyze whether Edwards had policymaker status. As with Witt, no evidence is presented that Edwards was given policymaking authority by statute or delegation. Instead, Edwards' role is more akin to enforcement of City rules, not policymaking. Edwards implemented Evanston's work rules in making the determination that Franklin should be fired. Such enforcement of City policies does not grant final policymaker authority. The mere final authority to hire and fire is not sufficient. *Venters v. City of Delphi*, 123 F.3d 956, 966 (7th Cir. 1997).

As stated above, Evanston's motion for reconsideration is granted [#47]. The court vacates the judgment in favor of Franklin and enters judgment in favor of Evanston. This case is terminated.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 31, 2003